IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LEO SALEHI | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| LIBERTY LIFE ASSURANCE | § | |
| COMPANY OF BOSTON | § | |
| | § | |
| Defendant. | § | |

COMPLAINT

Plaintiff Leo Salehi, for his Complaint against Defendant Liberty Life Assurance Company of Boston ("Defendant"), would show as follows:

Parties, Jurisdiction and Venue

1. Plaintiff is an individual.

2. Defendant is a corporation and may be served through its registered agent for service of process in Texas, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

3. Jurisdiction is proper on the ground of the existence of a federal question under 28 U.S.C. § 1331 based on Plaintiff's claim under the Employee Retirement Income Security Act, 29 U.S. C. §1001 et seq. ("ERISA").

4. Venue is proper.

Facts

5. Plaintiff was employed by Whatabrands, LLC, an insured of Defendant, as an assistant manager prior to February 6, 2016. Through such employment, Plaintiff was covered by a long-term disability policy administered by Defendant. As of February 6, 2016 Plaintiff

became unable to work due to injuries sustained in a motor vehicle accident. In addition to a cervical spine strain he suffered from the motor vehicle accident, other medical conditions of Plaintiff, including a rib fracture, diabetes, hypertension, hypercholesterolemia and right median neuropathy also prevented Plaintiff from working. After exhaustion of short-term disability, Plaintiff made a claim for long-term disability benefits.

6. Defendant paid long-term disability benefits to Plaintiff from May 7, 2016 through October 19, 2017.

7. By letter dated October 19, 2017, Defendant denied continuing long-term disability benefits to Plaintiff beyond October 19, 2017.

8. By letter dated January 9, 2018, Plaintiff appealed the October 19, 2017 denial of long-term disability benefits and supplemented his appeal on February 16, 2018.

9. In March 2018, Defendant reversed its previous denial of long-term disability benefits to Plaintiff. Accordingly, long-term disability benefits were reinstated. Such benefits continued to be paid from October 19, 2017 through June 20, 2018.

10. By letter dated June 21, 2018, Plaintiff was denied benefits under the long-term disability policy beyond June 21, 2018 purportedly because he no longer met the standard of disability applicable after the first 24 months of benefits under Defendant's long-term disability policy: that a claimant is unable to perform, with reasonable continuity, the material and substantial duties of any occupation.

11. By letter dated November 5, 2018, Plaintiff appealed the June 20, 2018 denial of long-term disability benefits and provided additional medical records to substantiate his claim under the long-term disability policy. Plaintiff supplemented such first appeal on November 9, 2018 with further medical records.

12. By letter dated November 15, 2018, Defendant acknowledged receipt of Plaintiff's appeal and advised a final decision would be made in 45 days. Having not heard from Defendant by the 45th day, Plaintiff called for a status update and formally requested a status update by letter dated January 11, 2019. As of the date of Plaintiff filing this Complaint a final decision has not been rendered, nor has a response to Plaintiff's January 11, 2019 letter been received, nor has Defendant taken action required under 29 CFR 2560-503-1(i)(3)(i). By failing to make a timely decision, Defendant violated 29 CFR 2560.503-1(i)(3)(i), making this action ripe under 29 CFR 2560.503-1(1).

13. While awaiting a determination of his disability appeal, Plaintiff continues to suffer from the same disabling conditions that prevented him from working in his own occupation as of his date of disability and that continue to entitle him to long-term disability benefits under the standard referenced to in paragraph 10. In addition, Plaintiff had right carpal tunnel release on January 18, 2019.

14. In the June 21, 2018 denial, Defendant improperly relied upon a standard of disability distinct from that provided for in the governing policy, improperly ignored Plaintiff's current medical condition and testing of such condition and specific determinations of Plaintiff's disability under the post-24 month standard based on such condition, improperly ignored certain medical records of Plaintiff, improperly misrepresented certain medical records of Plaintiff, improperly dismissed the significance of other medical records of Plaintiff and improperly ignored other statements of Plaintiff's impairments.

15. In connection with its disposition of the claim of Plaintiff under the long-term disability benefits policy as to long-term disability benefits beyond June 21, 2018, Defendant engaged in conduct not consistent with its fiduciary duty to Plaintiff under ERISA and in

violation of provisions of ERISA and regulations promulgated pursuant to ERISA, including Section 1133(2) of ERISA, requiring that a participant whose claim for benefits has been denied be afforded a reasonable opportunity for a full and fair review by the appropriate named fiduciary of the decision denying his claim, and one or more of the requirements of 29 CFR 2560.503-1, including the requirement of 29 CFR 2560.503-1(b)(3) that claims procedures do not contain any provision, and are not administered in a way, that unduly inhibits or hampers initiation or processing of claims for benefits, the requirement of 29 CFR 2560.503-1(b)(5) that administrative provisions or safeguards contained in the claims procedure to insure that any benefit claim determinations be made in accordance with governing plan documents and that plan provisions be applied consistently with respect to similarly situated claimants, the requirement of 29 CFR 2560.503-1(b)(7) that all claims and appeals be adjudicated in a manner designed to assure the independence and impartiality of the persons involved in making the decision, the requirements of 29 CFR 2560.503-1(g)(i)-(iv) and (vii) as to the content of any adverse benefit determination, if the requirement of 29 CFR 2560.503-1(h)(2)(iv) that a fiduciary take "into account all comments, documents, records and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination," the requirement of 29 CFR 2560.503-1(h)(3)(iii) that any medical judgment must be the result of consultation with a health care professional with appropriate training and procedures and experience in the field of medicine involved in the medical judgment, the requirement of 29 CFR 2560.503-1(h)(3)(iv) that any medical or vocational experts whose advice was obtained in connection with an adverse benefit determination be identified without regard to whether the advice was relied upon in making the benefit determination, the requirement of 29 CFR-2560.503-1(h)(3)(v) that any health care

professional engaged for purposes of a consultation in connection with an appeal of an adverse benefit determination should be an individual who is neither the individual who made the adverse benefit determination that is the subject of the appeal, nor the subordinate of such individual, the requirement, to the extent applicable, of 29 CFR 2560.503-1(h)(4), that any new or additional evidence or new or additional rationale supporting any adverse benefit determination be provided to claimant, and the claimant given an opportunity to respond, as provided for in subsection (h)(4)(i) and (ii), the requirements of 29 CFR 2650.503-1(j)(1)-(4) and (6) as to the manner and content of a benefit determination on review, including the requirements of subsections (2) (3) and (4) as to the specific reasons for the determination, reference to the specific plan provision on which the determination is based and a description of any applicable contractual limitation period applicable to an action under ERISA on the claimant's claim, and the requirements of 29 CFR 2650.503-1(j)(6) that any adverse benefit decision with respect to disability benefits include

(i)(a) discussion of the decision, including an explanation of the basis for disagreeing with or not following:

(A) The views presented by the claimant to the plan of health care professionals treating the claimant and vocational professionals who evaluated the claimant;

(B) The views of medical or vocational experts whose advice was obtained on behalf of the plan in connection with a claimant's adverse benefit determination, without regard to whether the advice was relied upon in making the benefit determination; and

(C) A disability determination regarding the claimant presented by the claimant to the plan made by the Social Security Administration;

(ii) If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, either an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances, or a statement that such explanation will be provided free of change upon request; and

(iii) Either the specific internal rules, guidelines, protocols, standards or other similar

criteria of the plan relied upon in making the adverse determination or, alternatively, a statement that such rules, guidelines, protocols, standards or other similar criteria of the plan do not exist.

16. Based on the terms of the governing long-term disability benefits policy, Defendant's June 21, 2018 denial of long-term disability benefits to Plaintiff is subject to de novo review and, so reviewed, must be determined to have been wrong, Alternatively, based on Defendant's violation of one or more requirements of 29 CFR 2560.503-1, Defendant's June 21, 2018 denial of long-term disability benefits is subject to de novo review and, so reviewed, must be determined to have been wrong. Alternatively, based on the application, pursuant to 29 U.S.C. § 1144(b)(2)(A), of Section 1701.062 of the Texas Insurance Codes and Title 28, Part 1, Chapter 3, Subchapter M, Rules 3.201(c), 3.1202 and 3.1203 of the Texas Administrative Code, 28 Texas Administrative Code 3.201 et seq., Defendant's June 21, 2018 denial of long-term disability benefits is subject to de novo review and, so reviewed, must be determined to have been wrong. Again in the alternative, in the event Defendant's June 21, 2018 denial of long-term disability benefits is subject to review only for abuse of discretion, Defendant, to the extent of any such discretion, abused it.

## Claims

17. For first cause of action, Plaintiff would show that Defendant wrongfully denied benefits to him under Defendant's long-term disability policy. Defendant is accordingly liable under Section 1132(a)(l)(B) of ERISA for all benefits due but not paid to Plaintiff under the long-term disability benefits policy, prejudgment interest thereon and his attorney's fees and expenses and costs of court.

Alternative Relief

18. In light of Defendant's violation of one or more requirements of 29 CFR 2560.503-1, remand of Plaintiff's claim against Defendant for further administrative review may be appropriate prior to full adjudication by this Court of Plaintiff's claim, and Plaintiff accordingly reserves the right to seek remand.

WHEREFORE, Plaintiff prays this Court grant his judgment against Defendant for all appropriate relief.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 379-0823
(214) 379-0840 (telecopy)

COUNSEL FOR PLAINTIFF