**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LEO SALEHI, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 2:19-cv-00035 |
| | § | |
| VS. | § | |
| | § | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON | § | |
| | § | |
| | § | |
| Defendant. | § | |

# **DEFENDANT'S UNOPPOSED MOTION TO TRANSFER VENUE AND BRIEF IN SUPPORT**

Pursuant to 28 U.S.C. § 1404(a), Defendant Liberty Life Assurance Company of Boston ("Liberty Life") files this Unopposed Motion to Transfer Venue and Brief in Support.

## **GROUNDS FOR MOTION AND STATEMENT OF THE ISSUE**

Plaintiff's Original Complaint contains claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA") for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B). Liberty Life moves this Court to transfer this action from the Marshall Division of the Eastern District of Texas to the Dallas Division of the Northern District of Texas under 28 U.S.C. § 1404(a), which states that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Plaintiff does not oppose the relief requested herein.

## **ARGUMENT AND AUTHORITIES**

### **A. Relevant Factors under Section 1404(a)**

Pursuant to 28 U.S.C. § 1404(a), a case may be transferred for convenience or in the interests of justice to any judicial "district or division where the action might have been

brought." The United States Supreme Court has held that "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), *quoting Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

In ruling on Liberty Life's Motion, "[t]he determination of "convenience" turns on a number of private and public interest factors, none of which are given dispositive weight." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citations omitted). The private concerns are:

1. the plaintiff's choice of forum;
2. the convenience of the parties and material witnesses;
3. the place of the alleged wrong;
4. the cost of obtaining the attendance of witnesses and availability of compulsory process;
5. the accessibility and location of sources of proof; and
6. the possibility of delay and prejudice if transfer is granted.[1]

The Fifth Circuit has identified the following public concerns to be considered:

1. the administrative difficulties flowing from court congestion;
2. the local interest in having localized disputes decided at home;
3. the familiarity of the forum with the law that will govern the case; and
4. the avoidance of unnecessary problems of conflict of laws and the application of foreign law.[2]

---

[1] *Mohaamed v. Mazda Corp.*, 90 F.Supp2d 757, 771 (E.D. Tex. 2000); *In re Volkswagen AG*, 371 F.3d at 203.
[2] *Id.*

### B. The Balancing of the Factors Weigh Heavily In Favor of Transferring This Case to the Sherman Division

#### 1. Plaintiff's Choice of Forum

While the Plaintiff's choice of forum is a factor for consideration, it is "neither conclusive nor determinative." *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) (citations omitted). In fact, "to be considered at all, the Plaintiff's choice of forum must be one that is permitted under the relevant venue statute." *In re Horseshoe Entertainment*, 337 F.3d at 434-435.

It is certainly correct that Plaintiff has chosen to file this suit within the Marshall Division of the Eastern District, even though he resides and worked in counties encompassed in the Northern District of Texas. However, as established by the evidence before this Court and further explained below, this is the only factor weighing in favor of this action being retained within the Marshall Division. Moreover, Plaintiff's place of residence (Tarrant County within the Fort Worth Division of the Northern District of Texas) and his employer's location (Dallas County within the Dallas Division of the Northern District of Texas) are both venues in which this action "might have been brought," and is a valid location to which to transfer this action. 28 U.S.C. § 1404(a).

The clear intent of the establishment of the six Divisions within the Eastern District is that a plaintiff will file his or her lawsuit within the District and Division that provides for the correct venue for the matter. To permit a resident of Tarrant County, who worked in Lancaster (a city encompassed with the Dallas Division of the Northern District), whose dispute has nothing to do with any county in the Eastern District, to file litigation in the Eastern District is to allow a complete disregard of the Eastern and Northern Districts' administrative and local rules with regard to the filing of litigation. The United States District Courts have assigned certain

counties to certain Districts for a reason. If a resident within the Northern District is permitted to file such an action in any District or Division she chooses, then the very nature and reasons for the establishment of the Districts and Divisions are wholly negated. Accordingly, the factor of this Plaintiff's choice of forum, standing alone, cannot be allowed to maintain an action that should have originally been filed in the Northern District in the face of Liberty Life's Section 1404(a) Motion to Transfer Venue.

**2. Convenience of the Parties and Witnesses**

This factor heavily weighs in favor of transferring this case to the Dallas Division of the Northern District. Plaintiff resides in Mansfield, Tarrant County, Texas. His residence is 29 miles from the federal courthouse in Dallas, but 174 miles from the Marshall courthouse. His workplace at Whataburger is 12 miles from the federal courthouse in Dallas, but it is 151 miles to the Marshall courthouse. Liberty Life's corporate representatives and personnel involved in Salehi's claim are located outside of Texas and do not reside in this District or in the State and will be required to fly to travel to the Dallas or Marshall courthouse. However, any person traveling by air to reach the courthouses will be more inconvenienced by being forced to travel to Marshall, which is 174 miles from the DFW Airport, than in traveling to the federal courthouse in Dallas, which 20 miles from DFW.

Plaintiff's primary physicians with regard to his claim for benefits are, Michael Sims, M.D., whose business address is 4116 S. Carrier Parkway, Grand Prairie, Texas and Stephanie Williams, D.C., whose business addresses are 4907 S. Collins Street, Arlington, Texas, and 6301 Gaston Avenue, Dallas, Texas. The distance from Dr. Sim's office to the Dallas courthouse is 18 miles, but it is 163 miles from Dr. Sim's office to the Marshall courthouse. The distance from Dr. Williams' Arlington office to the Dallas courthouse is 23 miles, but it is 169 miles from

Dr. Williams' Arlington office to the Marshall courthouse. The distance from Dr. Williams' Dallas office to the Dallas courthouse is 4 miles, but it is 150 miles from Dr. Williams' Dallas office to the Marshall courthouse. Other physicians of Plaintiff whose records are contained in the claim file are Jason Butler, MD, whose business address is 2001 SE Green Oaks Blvd, Arlington, Texas Danny Le, D.O., whose business address is 851 Highway 287 N, Mansfield, Texas, Wasiq Zaidi, M.D., whose business address is 700 West Arbrook Blvd, Arlington Texas, Arash Bidgoli, D.O., whose business address is 2704 N Galloway Ave, Mesquite, Texas, and Silus P. Motamarry, M.D., whose business address is 507 W. Crossland Blvd, Grand Prairie, Texas. The distance from Dr. Butler's office to the to the Dallas courthouse is 23 miles, but it is 169 miles from Dr. Butler's office to the Marshall courthouse. The distance from Dr. Le's office to the to the Dallas courthouse is 29 miles, but it is 177 miles from Dr. Le's office to the Marshall courthouse. The distance from Dr. Zaidi's office to the to the Dallas courthouse is 24 miles, but it is 170 miles from Dr. Zaidi's office to the Marshall courthouse. The distance from Dr. Bidgoli's office to the to the Dallas courthouse is 13 miles, but it is 140 miles from Dr. Bidgoli's office to the Marshall courthouse. The distance from Dr. Motamarry's office to the to the Dallas courthouse is 18 miles, but it is 164 miles from Dr. Motamarry's office to the Marshall courthouse.

Dallas is a more convenient venue for all the parties and witnesses[3] in this action. Accordingly, this factor weighs heavily in favor of a transfer to the Dallas Division of the Northern District.

---

[3] Plaintiff's Complaint seeks a *de novo* review in this action, which, if granted, may make testimony from the identified witnesses relevant in this action. Plaintiff's Original Complaint at ¶ 16. However, if *de novo* review is not applied, this matter will be decided exclusively based on the administrative record for Plaintiff's claim for benefits under the abuse of discretion standard. *Sweatman v. Commercial Union Ins. Co.*, 39 F.3d 594, 597 (5th Cir. 1996); *Schadler v. Anthem Life Ins. Co.*, 147 F.3d 388, 394 (5th Cir. 1998). By filing this Motion, Liberty Life is not admitting that *de novo* review is appropriate in this action.

**3. Place of the Alleged Wrong**

The location where the benefits allegedly owed were to have been paid, and thus, the alleged wrong occurred, is where the Plaintiff resides, in Tarrant County and within the Northern District. Therefore, this factor weighs in favor of a transfer of this action to the Northern District.

**4. Cost of Obtaining Attendance of Witnesses**

The factor regarding the cost of obtaining witness attendance mirrors the consideration of the factor concerning convenience of the witnesses. Those witnesses located in the State (including Dr. Sims, Dr. Williams, Dr. Butler, Dr. Le, Dr. Zaidi, Dr. Bidgoli, and Dr. Motamarry) will have to travel approximately 146 miles further to arrive at the Marshall courthouse than the Dallas courthouse. Accordingly, the mileage fee paid to local witnesses will be higher if the case is maintained in Marshall. Therefore, this factor also favors transfer of the case to the Dallas Division of the Northern District.

**5. Accessibility and Location of Sources of Proof**

Other than the witnesses, the other sources of proof in this matter are documents, which can be transported as needed. Therefore, this factor is neutral.

**6. Possibility of Delay and Prejudice if Transfer is Granted**

As Liberty Life filed this Motion prior to filing their Answer in this action, there will be no delay or prejudice if this case is transferred to the Dallas Division of the Northern District, and this factor is neutral.

**7. Administrative Difficulties Flowing from Court Congestion**

Although the Court may have access to information concerning this factor, Liberty Life does not have information or evidence that would bring this factor into play. Accordingly, this factor is neutral.

**8. Local Interest in Having Localized Disputes Resolved at Home**

The citizens of the counties encompassed by the Marshall Division of the Eastern District clearly have no interest in litigation concerning a citizen of Tarrant County who worked in Dallas County. The greater interest in this litigation is by the citizens of the Dallas Division of the Northern District, in which Lancaster (the location of Plaintiff's employer) is included. In re Volkswagen of America, 545 F.3d 304, 316 (5th Cir. 2008). Accordingly, this factor weighs in favor of transferring this action to the Dallas Division of the Northern District.

**9. Familiarity of the Forum with the Law that Will Govern the Case and Avoidance of Unnecessary Problems with Conflicts of Laws**

As both the Northern and Eastern District Courts in all of the relevant Divisions are clearly familiar with the law and reside within the same State, this factor is neutral.

## CONCLUSION

With only one factor (Plaintiff's choice of forum) weighing in favor of retaining this case in the Marshall Division of the Eastern District and four factors weighing heavily in favor of transferring this case to the Dallas Division of the Northern District, it would be an abuse of discretion for this Court to refuse to transfer the case to the Dallas Division of the Northern District under Section 1404(a). Where "there is no relevant factual connection to the Marshall division," the standard under Section 1404(a) has been met. In re Volkswagen of America, 545 F.3d at 317. Additionally, the transfer of this case from the Marshall Division will facilitate orderly forum selection by future plaintiffs in accordance with the Eastern District's venue

provisions that are applicable to its Divisions. Accordingly, the Court should grant Liberty Life's Motion and transfer this case. *See*, Arment v. J.C. Penney Corp., Inc., No 2:15-CV-2071 (E.D. Tex., July 25, 2016); Jones v. Hartford Life and Accident Ins. Co., No 2:08-CV-182 (E.D. Tex., February 11, 2009); Shepard v. Hartford Life and Accident Ins. Co., No 2:09-CV-162 (E.D. Tex., Aug. 27, 2009) (copies attached).

## PRAYER

Liberty Life requests that this Court grant its Motion to Transfer Venue, transfer this matter to the Dallas Division of the Northern District of Texas, and grant Liberty Life such other relief to which it may show itself justly entitled.

Dated this 26th day of February 2019.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers
State Bar of Texas No. 16452560

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that counsel have complied with the meet and confer requirements of Local Rule CV-7(h). On February 15, 2019, Iwana Rademaekers, counsel for Defendant, communicated with counsel for Plaintiff, Robert E. Goodman, Jr., via email regarding the filing of this Motion and was informed that Plaintiff does not oppose to this Motion

/s/ Iwana Rademaekers
Iwana Rademaekers

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Robert E. Goodman, Jr.
Email: reg@kilgorelaw.com

February 26, 2019
Date

/s/ Iwana Rademaekers
Iwana Rademaekers