**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LEO SALEHI, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 2:19-cv-00035 |
| | § | |
| VS. | § | |
| | § | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Liberty Life Assurance Company of Boston ("Liberty Life" or "Defendant") files this Answer to Plaintiff's Complaint ("Complaint") subject to Defendant's Unopposed Motion to Transfer Venue filed contemporaneously with this Answer, and states as follows:

Parties, Jurisdiction and Venue

1. Liberty Life admits the allegations contained in paragraph 1 of the Complaint.

2. Liberty Life admits the allegations contained in paragraph 2 of the Complaint.

3. Liberty Life admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act ("ERISA"). Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by ERISA, but Liberty Life denies Plaintiff is entitled to any such relief or recovery. Liberty Life denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Liberty Life denies the allegations contained in Paragraph 4 of the Complaint.

Facts

5. Liberty Life admits that Plaintiff was, at certain times, employed by Whatabrands LLC ("Whataberands") and that Plaintiff's last day of work at Whatabrands was on or about February 6, 2016. Liberty Life admits that Plaintiff was, at certain times, a participant in the short term disability plan (the "STD Plan") and long term disability benefits plan (the "LTD Plan"), which were sponsored by Whatabrands. Liberty Life admits the LTD Plan was, at certain times, insured, at least in part, by the Group Disability Income Policy ("Policy") that Liberty Life issued to Whatabrands. Liberty Life admits that Plaintiff received, at certain times, benefits from the STD Plan and the LTD Plan. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan were determined, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in paragraph 5 of the Complaint.

6. Liberty Life admits that Plaintiff received, at certain times, benefits from the LTD Plan. Liberty Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Liberty Life admits it sent a letter to Plaintiff dated October 19, 2017, and refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Liberty Life admits that Plaintiff submitted an appeal, along with additional documents, of the denial of his claim for benefits from the LTD Plan, and Liberty Life refers to

the letter and documents themselves as the best evidence of their contents. Liberty Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Liberty Life admits that Plaintiff received, at certain times, benefits from the LTD Plan.

10. Liberty Life admits it sent a letter to Plaintiff's counsel dated June 21, 2018, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Liberty Life admits that Plaintiff submitted an appeal, along with additional documents, of the denial of his claim for benefits from the LTD Plan, and Liberty Life refers to the letter and documents themselves as the best evidence of their contents. Liberty Life denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Liberty Life admits it sent letters to Plaintiff's counsel dated November 15, 2018, and January 15, 2019, and Liberty Life refers to the letters themselves as the best evidence of their contents. Liberty Life admits it received a letter from Plaintiff's counsel dated January 11, 2019, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Liberty Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan were determined, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in paragraph 13 of the Complaint.

14. Liberty Life denies the allegations contained in Paragraph 14 of the Complaint.

15. Liberty Life denies the allegations contained in Paragraph 15 of the Complaint.

16. Liberty Life denies the allegations contained in Paragraph 16 of the Complaint.

Claim

17. Liberty Life denies the allegations contained in Paragraph 17 of the Complaint.

18. Liberty Life admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. To the extent that the allegations contained in Paragraph 18 of the Complaint contain legal conclusions, Liberty Life is not required to respond. To the extent a response is required, Liberty Life denies that it violated any provision of ERISA and denies that Plaintiff is entitled to any remedy or relief against Liberty Life whatsoever. Liberty Life denies all remaining allegations contained in Paragraph 18 of the Complaint.

Liberty Life denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Liberty Life is subject, in whole or in part, to an offset pursuant to the terms of the Policy, which requires offset and/or repayment of Plaintiff's receipt of other income or benefits, including but not limited to income earned by

Plaintiff and the disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Defendant reserves the right to assert additional defenses.

## PRAYER

Liberty Life requests that the Court enter judgment that Plaintiff recover nothing by this action, that Liberty Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Liberty Life be awarded such other and further relief to which it may show itself entitled.

Dated this 26th day of February 2019.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers
State Bar of Texas No. 16452560

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Robert E. Goodman, Jr.
Email: reg@kilgorelaw.com

February 26, 2019 — /s/ Iwana Rademaekers
Date — Iwana Rademaekers